FILED
SEP 2 6 2013
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Anthony Leroy Davis,<br><br>    Plaintiff,<br><br>    v.<br><br>District of Columbia *et al.*,<br><br>    Defendants. | Civil Action No. 13-1479 |

MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The Court will grant the *in forma pauperis* application and dismiss the case because the complaint fails to meet the minimal pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.

*Pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

Plaintiff is a Kansas state prisoner incarcerated in Lansing, Kansas. He purports to sue the District of Columbia, the Internal Revenue Service, President Barack Obama in his individual and official capacity, and "Central Banking Class." Compl. Caption. Invoking 42 U.S.C. § 1983, plaintiff alleges in a perplexing statement that the defendants "were deliberately indifferent to the substantial 'maritime contract' being withheld and under a 'duty' to disclose that evidence favorable to plaintiff[] . . . and hence violated her [sic] rights under the First Amendment . . . and the due process provisions of the Fourteenth Amendment." Compl. at 4. In addition, plaintiff purports to bring claims of negligence and malice, but the supporting statements are even more mystifying than those supporting the § 1983 claim. *See id.* at 3. Since the complaint provides no notice of a cognizable claim, it fails to comply with Rule 8(a) and, thus, will be dismissed. A separate Order accompanies this Memorandum Opinion.

Date: September 19th, 2013

United States District Judge